The opinion of the court was delivered by
Duncan, J.
The case depends on the construction of certain clauses in this will of William Cooke.
I have carefully examined the voluminous evidence returned in the case, and am decidedly of opinion, that the plaintiff has no cause of action.
The devise over in case of a sale within the ten years, was not a conditional limitation of the estate ; but, a bequest over, of the certain specified sums for which it should sell. The estate vested in William Cooke, the son, on the death of his father. If sold contrary to the injunction of the testator, he was to forfeit to the testator’s heirs, a proportion of the sum for which it was sold. This was strictly a condition subsequent; and in the nature of a penal forfeiture. The one half of the purchase money was to continue a lien on the lands sold. The sale itself would be valid, but a forfeiture of one half of the purchase money was to accrue on the sale. When the devisee, William Cooke, entered into a contract within the ten years, for the sale to George Grant, *174 this was not an absolute sale and conveyance of the land; the title remained • in him: it was an inchoate, executory contract. There was a locus penitential, and if he had refused to go on with the contract, the remedy of Grant would have been by bill in chancery, to compel the specific execution of the contract, which no chancellor would decree, where the execution of the contract would have exposed the vendor to so serious a forfeiture as one half of his estate. He would have referred the complainant to a suit at common law, for the recovery of damages. Chancery would stand neuter: performance could not have been compelled. Equity frequently relieves against forfeiture, but never will assist in the recovery of a forfeiture. Grant and Cooke mutually rescinded the contract. There might be, and there was a parol agreement, or at least an honorary understanding, that Cooke should sell to Grant, when he could do so without a forfeiture of this large portion of the estate devised to him. The subsequent sale and conveyance to Grant, when Cooke could sell without a forfeiture, is not affected by the abandoned contract, more than if the sale had been to any other person and I cannot acknowledge the solidity of the argument, that this was in fraud of the law. A party never can be said to act in fraud of the law, in getting rid of an agreement, which subjects him to a forfeiture of half his estate. The father could annex the condition to the devise; the reasons influencing him would be, that the devisee might part with his property, imprudently and improvidently, before he knew its value; or his opinion might be, that in ten years the property would greatly rise. This was realized, and the son sells after the ten years most wisely. Conditions of similar import are not unfrequently annexed to bequests to females. Now, if the devise was, “ I give to my daughter A. B., her heirs and assigns, my mill, estate, &c. and if she marries before the age of .twenty-one, then I devise the one half of it to my daughter C. DP Á. B. is courted before twenty-one, she enters into an engagement to marry; she sets the day, before her full age ; but consulting her friends, who approve of the marriage, they persuade her to avoid the forfeiture, to wait till she is twenty-one, and her marriage is for that reason postponed until her arrival at twenty-one, though a license had been previously procured, and the wedding garment and the marriage ring prepared. It could not be pretended that the marriage would cause any forfeiture, although the subsequent marriage was under the previous license, and to the same man; yet she promised to marry before her arrival at twenty-one, as here the devisee promised to sell within the ten years. Grant never could have recovered on the contract the property in the action of equitable ejectment, which, with us; stands precisely as a bill in chancery, governed by the same rules from which chancery, in the exercise of a judicial discretion, would not interpose and decree a performance. In such case, there could be no recovery in eject *175 ment. Now, chancery would liever decree an act to be done, which would deprive a man, by way of forfeiture, of half of his estate. Vane v. Fletcher, (1 P. Wms. 352,) is a remarkable instance. Sir Henry Fletcher, being converted to the popish religion, made a' voluntary settlement of his estate on his son Henry,' (likewise a papist,) and on a bill in chancery, the chancellor was urged to direct an issue to try, whether Henry Fletcher was not a papist at the time this remainder should have vested in him,-— but, in regard the act of parliament inflicted a forfeiture, and disability, the chancellor refused to take any measure, even the usual course of directing an issue.
Nothing short of an absolute divestiture within the ten years, a contract carried into execution, could have given the plaintiff the. right to exact the penalty. Had William Cooke, the devisee, died between the reception of the contract in 'December, 1813, and the subsequent conveyance to Grant, this estate would have descended as land to his heirs. The forfeiture, here is a strictissimi juris. The penalty must arise on the very letter of the condition, or the law will not award the pound of flesh, — it is not in the bond1
There has been no sale within.the ten years, falling within the strict letter of the condition, and the plaintiff is not entitled to recover. I have not thought it necessary to descend into the minuUse of the exceptions to the charge of the court, as, in the main and only question, it was right. "
Judgment affirmed.